IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| ELECTRONIC IDENTIFICATION § | |
| DEVICES, LTD., § | |
|          PLAINTIFF, § | |
| § | CAUSE NO. A-04-CA-073-LY |
| V. § | |
| § | |
| DIGITAL ANGEL CORP., § | |
|          DEFENDANT. § | |

## ORDER

Before the Court are Defendant Digital Angel Corp.'s Motion to Dismiss or, in the Alternative, Motion to Transfer filed March 10, 2004 (Doc. #5); Electronic Identification Devices, Ltd.'s Opposition to Digital Angel's Motion to Dismiss or, in the Alternative, Motion to Transfer filed April 5, 2004 (Doc. #11); Defendant's Reply to its Motion to Dismiss or, in the Alternative, Motion to Transfer filed April 26, 2004 (Doc. #15); EID's Supplemental Response to Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer filed July 6, 2004 (Doc. #22); and Defendant's Reply to EID's Supplemental Response to Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer filed July 16, 2004 (Doc. #25). Having considered the motion, responses, and replies the Court is of the opinion that Defendant's motion to dismiss should be granted based upon the reasoning to follow.

### I. Background and Analysis

This is a civil action for declaration of patent non-infringement. Plaintiff Electronic Identification Devices, Ltd. ("EID") filed suit in this Court seeking a declaration that it has not infringed, induced infringement of, or contributed to the infringement of any claim of Defendant Digital Angel Corp.'s ("Digital Angel") '129 patent by the making, using, offering for sale or selling

in or importing to the United States of its new product, ID-162US "Pre-Sterilized Transponder with Disposable Lancet Delivery" and ID-IMP/US "Lancet Retractor." EID previously was enjoined from making or selling any product that would infringe Digital Angel's '129 patent in federal court in Colorado. There is also a pending suit between EID and Digital Angel in federal court in Minnesota involving claims of patent misuse regarding the '129 patent, which is currently stayed until further action of the parties. Digital Angel has filed this motion to dismiss for lack of subject matter jurisdiction on the ground that EID's request for an advisory opinion is in appropriate because there is no actual case or controversy between the parties. In the alternative, Digital Angel requests that this Court transfer the cause to Minnesota as the parties have little to no connections with Texas.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Bolden v. Farmers Ins.*, 2003 WL 21500402 at *1 (N.D. Tex. Apr.10, 2003) (quoting *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 377 (1994) (citations omitted)). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Insurance Company,* 243 F.3d 912, 916 (5th Cir. 2001). Thus, this Court must address any doubts about its subject matter jurisdiction over Plaintiff's claims before ruling on other grounds for dismissal. *See Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).

Digital Angel has raised the issue of lack of subject matter jurisdiction in its motion to dismiss. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court may raise the issue *sua sponte* even if the defendant has not so moved. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (holding subject matter jurisdiction "may be raised by the parties, or by the court *sua sponte,* at any time"). In light of Digital Angel's motion and the authority

2

of Rule 12(h)(3), this Court will consider whether it has subject matter jurisdiction over any of EID's claims against Digital Angel.

Declaratory judgment jurisdiction under Section 2201(a) of Title 28 of the United States Code exists when the "totality of the circumstances" indicates that an "actual controversy" exists between the parties. *Indium Corp. v. Semi-Alloys, Inc.*, 781 F.2d 879, 882 (Fed. Cir. 1985).[1] When no actual controversy exists, the Court has no discretion to decide the case, thereby requiring that the case be dismissed. *See Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991). The Federal Circuit has established a two-part test for determining whether an actual controversy exists:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004) (quoting *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)). *See also Texas v. West Publishing Co.*, 882 F.2d 171, 175 (5th Cir. 1989). The declaratory-judgment plaintiff bears the burden of proving that there is an actual controversy. *Id.* In the instant case, EID has failed to satisfy either part of the test.

EID asserts that Digital Angel has made express threats to file suit against EID in two telephone conversations in October and November 2003 between the President of EID and the Chief Executive Officer of Digital Angel. EID further argues that even in the absence of express threats,

---

[1] Because the Federal Circuit has exclusive jurisdiction of appeals in patent cases (*see* 28 U.S.C. §§ 1295, 1338), this Court will rely its case law in its determination of subject matter jurisdiction in this case.

3

the totality of the circumstances clearly present EID with an objective and reasonable apprehension of suit based upon Digital Angel's pattern of behavior towards EID. In response, Digital Angel denies threatening EID and asserts that no one at Digital Angel has seen or analyzed the new product produced by EID about which EID claims that Digital Angel has threatened suit. Digital Angel further argues that the prior history EID identifies as a basis for its reasonable apprehension of suit is related to different products than the new product at issue in this cause and therefore cannot support EID's claim of a reasonable apprehension of suit in this case. *See Sierra Applied Sciences, Inc.*, 363 F.3d 1374. Having reviewed the motion, responses, replies and supporting documentation submitted by both parties, this Court agrees that no reasonable apprehension of suit exists at this time. Therefore, this Court concludes that Digital Angel's motion to dismiss should be granted.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Digital Angel Corp.'s Motion to Dismiss or, in the Alternative, Motion to Transfer filed March 10, 2004 (Doc. #5) is **GRANTED**. Plaintiff's cause of action against Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Digital Angel Corp.'s Motion to Transfer is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that all relief not expressly granted is hereby **DENIED**.

SIGNED this _17th_ day of September, 2004.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

4